# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| KEITH LANIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CV618-003 |
| | ) | |
| SIZEMORE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **<u>ORDER AND REPORT AND RECOMMENDATION</u>**

Plaintiff has filed a complaint for employment discrimination in this court against his former employer and three individuals. Doc. 1. The Court granted his request to pursue his case in forma pauperis (IFP). Doc. 6. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915(e)(2), which requires the immediate dismissal of any pro se complaint that fails to state at least one actionable claim.[1]

As an initial matter, Plaintiff's claims against the three individual defendants—Allen Davis, Preston Sizemore, Jr. and David McQilvray—

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

should be **DISMISSED**.  Relief in Title VII cases is against the employer, not against individual employees.  *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).  As a result, the proper defendants in this suit are the employers or supervisory employees in their official capacities as agents of the employer.  *Id.*  To the extent plaintiff names these three defendants in their official capacities, the claims are redundant because the employer has already been named.  *Busby*, 931 F.2d at 776; *Wheeles v. Nelson's Elec. Motor Servs.*, 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008) ("However, when a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action.").

The remainder of plaintiff's complaint is also deficient.  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the

speculative level." *Twombly*, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id*. (*quoting Twombly*, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)). Here, plaintiff states that he was terminated after he allowed a patient he was guarding to escape. Doc. 1 at 8. He then states that "I feel my rights was violation of the way other officer of younger age, race, color and gender was treating in similar situation." *Id*. However, plaintiff fails to provide any facts supporting his allegations that he was treated differently because of his race, gender, age, or color. In fact, plaintiff fails to tell us anything about any of those categories at all.

Although he fails to state a viable claim, "when a more carefully drafted complaint might state a claim, a district court should give a pro se

3

plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (*citing Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th Cir. 2002) (en banc)); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"); *Seckinger v. Bank of Am., N.A.*, No. CV415-306, 2016 WL 1381814 at *2 (S.D. Ga. Apr. 6, 2016). That's the case here. Lanier's claim might survive preliminary review if he included facts supporting his allegations that defendant terminated him because of his age, gender, race, or color. As a result, plaintiff is **DIRECTED** to file an amended complaint within 30 days from the date of this order correcting the deficiencies noted in this order or face a recommendation of dismissal.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for

4

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 25th day of April, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA