# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| KEITH LANIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CV618-003 |
| | ) | |
| SIZEMORE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, in response to this Court's prior Order and Report and Recommendation (see doc. 9)[1], has filed an amended complaint alleging employment discrimination. Doc. 12. As the Court has granted his request to pursue his case *in forma pauperis* (IFP), doc. 6, it now screens the allegations of the amended complaint pursuant to 28 U.S.C.

---

[1] As laid out in this Court's Order and Report and Recommendation of April 25, 2019, "when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th Cir. 2002) (en banc)); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"); *Seckinger v. Bank of Am., N.A.*, No. CV415-306, 2016 WL 1381814 at *2 (S.D. Ga. Apr. 6, 2016). Doc. 9.

§ 1915(e)(2)[2], which requires the immediate dismissal of any pro se complaint that fails to state at least one actionable claim.[3]  Because plaintiff's complaint is still insufficient, the Court will allow him one *final* opportunity to amend it.  Plaintiff is **DIRECTED** to amend the complaint a final time to address the deficiencies noted herein within 30 days.  Failure to comply with this order will result in a recommendation of dismissal.

## ANALYSIS

To state a claim upon which relief can be granted, the allegations of the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  That is,

---

[2] "[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike." *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir.), *cert. denied,* 138 S. Ct. 338, 199 L. Ed. 2d 226 (2017).

[3] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff.  *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).  Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Id*. (*quoting Twombly*, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court holds a *pro se* litigant's pleadings to a more lenient standard than those drafted by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  They are to be liberally construed, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but the Court may still dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).  A claim is

frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 Fed. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

In his initial complaint, Plaintiff states that he was terminated from his position with Defendant Sizemore, Inc. after a patient he was guarding at Meadows Regional Medical Center escaped (and was shortly thereafter apprehended by law enforcement and returned). Doc. 1 at 7-8. Plaintiff had been employed with Defendant Sizemore, Inc. for nine years. *Id.* at 9. He states that, "I feel my rights was violation of the way other officer of younger age, race, color and gender was treating in similar situation." *Id.* at 8. In his amended complaint, he provides additional information, specifically alleging that a "young white" female officer had had a patient under her guard escape, and that the female officer was permitted to keep her job after that incident, whereas Plaintiff was terminated after the patient he was guarding escaped. Doc.

12 at 5.[4]  Plaintiff brings claims under both the Age Discrimination in Employment Act of 1967 (ADEA) and Title VII.

Under Title VII, employers are not allowed to discharge an employee or otherwise discriminate against him with respect to his employment because of his race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–2.  "To establish a prima facie Title VII disparate treatment claim, a 'plaintiff must show that [he] (1) was a member of a protected class, (2) was qualified for the job, (3) suffered an adverse employment action, and (4) was replaced by someone outside the protected class or that [his] employer treated similarly situated employees outside of [his] class more favorably.'" *Clark v. S. Broward Hosp. Dist.*, 601 F. App'x 886, 891 (11th Cir. 2015) (citing *Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1235 (11th Cir. 2004)).

The Age Discrimination in Employment Act of 1967 (ADEA) makes it unlawful for an employer to take adverse action against an employee "because of such individual's age."  29 U.S.C. § 623(a).  "In order to make

---

[4] The Court has considered the allegations of both the original Complaint and the Amended Complaint.  *See Faulk v. City of Orlando*, 731 F.2d 787, 790 (11th Cir. 1984) (determining that for purposes of sufficiency review, the *pro se* petitioner's complaint encompassed the initial submission and subsequent efforts to amend complaint, consistent with the "established rule of liberal construction for *pro se* pleadings").

out a *prima facie* case for an ADEA violation, the plaintiff may show that [he] (1) was a member of the protected age group, (2) was subject to adverse employment action, (3) was qualified to do the job, and (4) was replaced by a younger individual, or that [his] employer treated employees who were not members of [his] protected class more favorably under similar circumstances." *Washington v. United Parcel Serv., Inc.*, 567 F. App'x 749, 751 (11th Cir. 2014) (citations omitted).

In this case, plaintiff has failed to allege that he is a member of the protected class for purposes of his Title VII claim, or that he was qualified for the position he was in for purposes of both his claims (in fact, his complaint which alleges that he allowed a prisoner he was guarding to escape, suggests the opposite).[5]  However, the Court acknowledges that plaintiff could allege his qualification, notwithstanding his deficient performance on that occasion. *See, e.g. Powell v. Syracuse Univ.*, 580 F.2d 1150, 1155 (2d Cir. 1978) ("[C]ompetence sufficient to make out a prima facie case of discrimination was never intended to encompass proof of superiority or flawless performance."). Accordingly, the Court will, therefore, **GRANT**

---

[5] The Court acknowledges that plaintiff alleges that he is 60 years of age in his IFP.

plaintiff a single opportunity to amend his complaint to correct these deficiencies.

However, this does not end the inquiry. Defendants have, by special appearance, brought two Motions to Dismiss. See Docs. 7 and 14. In the First Motion to Dismiss, they argue Plaintiff's Complaint should be dismissed for failure to properly serve the Complaint within 90 days of the filing as required by Fed. Civ. R. P. 4(m). See doc. 7 at 2; see also doc. 14-1 at 2. They also seek to dismiss Plaintiff's Complaint for failure to state a plausible claim. See doc. 14. Because the Court is granting plaintiff a motion to amend, defendant's motion to dismiss for failure to state a claim should be **DISMISSED AS MOOT**.

As to timely service, defendants cite to Rule 4(m) of the Federal Rules of Civil Procedure to support their argument that Plaintiff has failed to timely serve them. Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In this case, defendants are correct that the ninety days outlined in

Rule 4 have long passed. However, plaintiff has been granted leave to proceed *in forma pauperis* in this case, *see* doc. 6, and therefore "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. 1915(d); *see also* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. *The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 ….*") (emphasis added).

Accordingly, plaintiff has been relieved of the burden of serving the defendants in this case; rather, the Court must order that service be made by a United States Marshal. The Eleventh Circuit has held that in such a situation, where the marshal fails to timely effectuate service through no fault of the plaintiff, "good cause" exists within the meaning of Rule 4(m), thus allowing the Court to extend the time for serving Defendants. *See Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009).

It is this Court's practice to direct the Marshal to serve the Complaint on the defendants once it completes its initial screening

pursuant to 28 U.S.C. 1915(e)(2). Since screening is ongoing, defendants' initial motion to dismiss should likewise be **DISMISSED AS MOOT**.

## CONCLUSION

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this  9th  day of September, 2019.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA