# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| KEITH LANIER, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | CV618-003 |
| | ) | |
| SIZEMORE, INC. and MR. SHELDON L. LANGFORD, | ) | |
| | ) | |
| Defendant(s). | ) | |

## ORDER AND REPORT AND RECOMMENDATION

The Court entered a Report and Recommendation (R&R) that recommended the dismissal of plaintiff's complaint for failure to adequately plead claims of discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a). *See* doc. 17. Plaintiff has filed a response, which the Court construes as an objection to the R&R, in which he addresses the deficiencies previously identified. Doc. 20. Therefore, the Court **VACATES** the previous R&R

and screens this complaint pursuant to 28 U.S.C. § 1915(e)(2).[1] For the following reasons, the Court **RECOMMENDS** that defendant Sheldon L. Langford be **DISMISSED** and **APPROVES** service on defendant Sizemore, Inc.

## BACKGROUND

The relevant facts are spread between the complaint, doc. 1, amended complaint, doc. 12, and responses to the Court's two R&Rs, doc. 16; doc. 20.[2] Plaintiff is a black man in his fifties. Doc. 16 at 1. He is a former marine and worked as a security officer at the Meadows Regional Medical Center for nine years. Doc. 1 at 9. On August 20, 2016, one of the patients that he was assigned to supervise escaped the facility. Doc. 1 at

---

[1] "[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike." *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir.), cert. denied, 138 S. Ct. 338, 199 L. Ed. 2d 226 (2017).

[2] Consistent with its obligation to afford a charitable reading to *pro se* pleadings, the Court considers the allegations of each of these filings. *See Faulk v. City of Orlando*, 731 F.2d 787, 790 (11th Cir. 1984) (determining that for purposes of sufficiency review, the pro se petitioner's complaint encompassed the initial submission and subsequent efforts to amend complaint, consistent with the "established rule of liberal construction for pro se pleadings").

8. The patient was apprehended by local law enforcement and returned to the facility shortly after the escape.³ *Id.*; doc. 12 at 6.

Though initially told that he would be suspended for seven days, plaintiff was terminated on August 22. Doc. 1 at 9. A few weeks later, another security officer allowed another patient to escape. The officer was a white, female in her thirties. Doc. 12 at 6; doc. 16 at 1. Despite the similar circumstances, she was not terminated following the escape. Doc. 1 at 8; doc. 12 at 5.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC). Doc. 1 at 5. He received a right to sue notice on September 27, 2017. *Id.*

## ANALYSIS

I.  **Sheldon L. Langford**

Plaintiff's claims against defendant Langford should be dismissed as neither Title VII nor the ADEA provide for individual liability. *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (individuals that are not an employer "cannot be held liable under the ADEA or Title VII."). Both

---

³ The pleadings are inconsistent with regard to the exact duration of the escape, ranging from five, doc. 12 at 6, to sixteen minutes, doc. 1 at 8.

statutes limit liability to the employer.  As plaintiff has not alleged that defendant Langford was his employer, the claims against him should be **DISMISSED**.

## II.     Sizemore, Inc.

Plaintiff alleges that he was the victim of discriminatory treatment based on his age, race, color, and gender that resulted in his termination.[4] Doc. 1 at 4 & 8; doc. 12 at 5.  Title VII prohibits employers from discharging or otherwise discriminating against an employee on the basis of race, color, religion, or national origin.  42 U.S.C. § 2000e-1.  In the absence of direct evidence of discrimination, a claim of disparate treatment under Title VII requires plaintiff to allege that he "(1) was a member of a protected class, (2) was qualified for the job, (3) suffered an adverse employment action, and (4) was replaced by someone outside the protected

---

[4] Plaintiff's complaint states that claims are brought pursuant to Title VII and the ADEA; however, when later asked to identify the basis of the alleged discrimination, he does not include age. *Compare* doc. 1 at 3 with doc. 1 at 4.  The pleadings, when read in their entirety, clearly contemplate a claim based on age discrimination.  *See* doc. 1 at 8; doc. doc. 12 at 5.  The Court notes, however, if plaintiff's age discrimination claim was not previously considered by the EEOC, it cannot be raised for the first time in this civil action.  *See Giles v. BellSouth Telecommunications, Inc.*, 542 F. App'x. 756, 758–59 (11th Cir. 2013) ("In order to ensure that individuals do not circumvent this regulatory process and that the settlement of grievances be first attempted through the office of the EEOC, a plaintiff's federal complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." (internal quotations and citations omitted).

class or that [his] employer treated similarly situated employees outside of [his] class more favorably.'" *Clark v. S. Broward Hosp. Dist.*, 601 F. App'x 886, 891 (11th Cir. 2015) (citing *Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1235 (11th Cir. 2004)).  Similarly, allegations of age discrimination under the ADEA, based on circumstantial evidence, require that she "(1) was a member of the protected age group, (2) was subject to adverse employment action, (3) was qualified to do the job and (4) was replaced by a younger individual, or that her employer treated employees who were not members of her protected class more favorably under similar circumstances." *Washington v. United Parcel Serv., Inc.*, 567 Fed. App'x. 749, 751 (11th Cir. 2014) (internal citations omitted).  The protected group established by the ADEA is individuals of more than 40 forty years of age. 29 U.S.C. § 631(a).

Across his multiple filings, plaintiff has sufficiently alleged each of the necessary requirements for both his Title VII and ADEA claims.  He is a member of classes protected by Title VII—an African-American man, *see Addison v. Fla. Dep't. of Corrections*, 683 F. App'x. 770, 774 (11th Cir. 2017 (recognizing African-American as a protected class under Title VII)—and the ADEA—over the age of forty.  Doc. 16 at 1.  He also suffered an adverse

employment action—his termination, *see Bentley v. Orange County, Fla.*, 445 F. App'x. 306, 309 (11th Cir. 2011) (recognizing termination as an adverse employment action under Title VII); *Stone v. Geico Gen. Ins., Co.*, 279 F. App'x. 821, 823 (11th Cir. 2008) (recognizing termination as an adverse employment action under the ADEA). Doc. 1 at 8; doc. 12 at 5. As a former marine, who was trained for the position of security officer, and held the position for nine years, plaintiff has sufficiently alleged his qualification. Doc. 20 at 1; *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1227 (11th Cir. 1993) ("In Title VII and ADEA cases we have focused on plaintiffs' skills and background to determine if they were qualified for a particular position."). Finally, he has identified a comparator from outside of his protected class—a Caucasian female of under the age of forty—that received disparate and more favorable treatment following a similar patient escape. Doc. 1 at 8; doc. 12 at 5; doc. 16 at 1; *see Cuevas v. Am. Expr. Travel Related Servs. Co., Inc.*, 256 F. App'x 241, 243 (11th Cir. 2007) (In a Title VII claim, "[T]he quantity and quality of the comparator's misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges."); *Washington v. United Parcel Sevs., Inc.*, 567 F. App'x. 749,

751–52 (11th Cir. 2014) (In an ADEA claim, "[i]n order to make a valid comparison, the plaintiff must show that she and the comparators are similarly situated in all relevant respects" and that "the quantity and quality of a comparator's misconduct must be nearly identical to the plaintiff's misconduct." (internal quotations and citations omitted)). Accordingly, plaintiff's Title VII and ADEA claims survive screening and are approved for service.

## CONCLUSION

In summary, the Court **RECOMMENDS** that defendant Sheldon L. Langford be **DISMISSED** from this case as neither of the statutes identified by plaintiff allow for individual liability.  The claims against defendant Sizemore, Inc., however, survive screening and are approved for service.  The Clerk of Court is **DIRECTED** to forward a copy of this Order, the Court's prior R&Rs, doc. 15 & 17, the complaint, doc. 1, and amended complaint, doc. 12, to the Marshall for service upon defendant Sizemore, Inc.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file

written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 8th day of July, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA