IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KEITH LANIER,

      Plaintiff,

v.

SIZEMORE, INC. and SHELDON L. LANGFORD,

      Defendants.

CIVIL ACTION NO.: 6:18-cv-003

## O R D E R

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's July 8, 2020, Order and Report and Recommendation. (Doc. 21). Defendants have filed objections; however, they relate only to the Magistrate Judge's Order authorizing service of the complaint on Sizemore, Inc. (Doc. 25). Therefore, as the objections do not concern the recommended disposition of claims, the Court construes the objections to travel under § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). Accordingly, the Court **ADOPTS** the Report and Recommendation as its opinion and **DISMISSES** from the case Sheldon L. Langford. (Doc. 21). For the following reasons, defendants' Rule 72(a) objections are **DISMISSED AS MOOT**.

As an initial matter, defendants are in no position to object to the Magistrate Judge's Order. The Court previously explained to defendants after they prematurely filed a motion to dismiss, that as plaintiff has been granted leave to proceed *in forma pauperis* in this case, service of the complaint would not occur until after the Court had completed its screening pursuant to 28 U.S.C. § 1915(e)(2). (See doc. 15 at 7–9). According to the docket, no such service has been effected.

As such, they are not yet active parties to this case.[1]

Furthermore, any assertion of standing, in a purely colloquial sense, by defendants to challenge the Court's authorization of service is based on a misapprehension of the Court's purpose in screening the complaints of IFP litigants. At screening, the Court does not stand in the shoes of a defendant and challenge the viability of a plaintiff's claims. *Cf. Portnoy v. United States*, 811 F. App'x 525, 533 (11th Cir. 2020) ("[A] court may not serve as *de facto* counsel for a party . . . ." (internal quotation omitted)). The purpose of the screening procedure is to ensure that the resources of the Court are not wasted on frivolous litigation. *See Abiodun v. Holder*, 86 F. Supp. 3d 11, 13 (D.D.C. 2015) (the focus of screening under § 1915(e) is, principally, to discourage "baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (citations omitted). Rather, it is the Court's responsibility to permit any legitimate claim to be resolved on its merits. None of the grounds raised in the objection suggests that the plaintiff's claims are frivolous or vexatious. Just as defendants could not object to service based on the merits of the pleadings had plaintiff remitted his filing fee, they cannot object to the Court permitting service at its own expense. Therefore, defendants lack standing to object to the Magistrate Judge's Order.

Even if the defendants were more clearly situated to object, the objections do not warrant reversing the Magistrate Judge's order. Defendants mistakenly frame their objections as arising under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), which would subject

---

[1] Defendants have filed a motion to substitute counsel. (Doc. 24). As defendants have not yet been served, no counsel has properly appeared. As such, the motion is **DENIED AS MOOT**. (Id.).

the Magistrate Judge's analysis to de novo review. (Doc. 25). As the objections relate to a non-dispositive issue, however, the correct standard is 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), which requires that the order be modified or set aside only when it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The objections identify no such error.

Defendants have not established that the Magistrate Judge committed clear error or that the order was contrary to law. The argument most closely approaching such an assertion is that the Court erred in construing plaintiff's objections to a Report and Recommendation to allow the introduction of new information, effectively amending the earlier pleadings, despite having previously advised plaintiff that no further amendments would be permitted. (Doc. 25 at 2–3). However, whether to permit an amendment to a complaint is within the discretion of the District Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("the grant or denial of an opportunity to amend is within the discretion of the District Court."). As suggested by rule 15(a)(2), opportunities to amend should be granted freely. Fed. R. Civ. Pro. 15(a)(2). This is particularly the case with pro se plaintiffs, who are afforded a charitable reading of their complete pleadings for purposes of screening. *See Faulk v. City of Orlando*, 731 F.2d 787, 790 (11th Cir. 1984) ("an expansive view of the complaint's scope is consistent with the established rule of liberal construction for pro se pleadings; it enables us to answer the central question whether appellant can possibly prove a set of facts in support of his claim which would entitle him to relief."). This predisposition to permit amendments is not unlimited, as permitting amendments would not be appropriate "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *In re Engle Cases*, 767 F.3d 1082,

3

1108–09 (11th Cir. 2014) (*quoting Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).

In construing the objection to amend the pleadings, the Magistrate Judge did not prejudice the defendants as any delay occurred prior to service. As no defendant has been served, none can assert any legitimate reliance right based on the Magistrate Judge's prior warning that additional amendments would not be permitted. Additionally, in permitting service, the Magistrate Judge has not foreclosed defendants' right to file future dispositive motions.[2] Even assuming the Court reached the merits of the objections, they are overruled.

Accordingly, Court **ADOPTS** the Report and Recommendation as the opinion of the Court. (Doc. 21). Defendant Sheldon L. Langford is **DISMISSED** from this case. Furthermore, defendants' objections are overruled, (doc. 25), and motion to substitute attorney is **DENIED AS MOOT,** (doc. 24).

**SO ORDERED**, this 14th day of September, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Though the Court applies the same standard at screening as is applied for 12(b)(6) motions, the charitable readings and deference afforded to plaintiff do not apply in the same way post-service. Because, as discussed above, the Court at screening does not act on behalf of any defendant, it is entirely possible that an interested defendant will identify additional arguments against a plaintiff's claims. The additional creativity and diligence exercised by an interested party is, after all, the *raison d'être* of the adversarial system. As such, an authorization of service is not indicative of a party's chances of success on a later dispositive motion.

4