UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| KEITH LANIER, ) | |
| ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v.   ) | CV618-003 |
| ) | |
| SIZEMORE, INC. and MR. ) | |
| SHELDON L. LANGFORD, ) | |
| ) | |
| Defendant(s). ) | |

## ORDER

In order to "remedy the confusion resulting from the unorthodox procedural progress of this case," the Court required defense counsel to file a Status Report clarifying whether his client would waive personal service. Doc. 32 at 3-4. Counsel complied. Doc. 33. That response indicates that "Defendant Sizemore does agree to waive personal service of the Complaint." *Id.* The Court will construe that representation as a prospective waiver of any defense or objection based on the absence of a summons or service. In keeping with the complicated history of the case,

shortly after defendant's counsel filed his status report, the United States Marshal's Office filed an executed return of service.[1]  *See* doc. 34.

The filing of the executed return, however, might create further confusion in concerning the deadline for defendant to file its responsive pleading.  Under the Federal Rules, a defendant must serve a responsive pleading "within 21 days after being served with the summons and complaint."  Fed. R. Civ. P. 12(a)(1)(A)(i).  If a defendant waives service, then the responsive pleading must be filed "within 60 days after the request for a waiver was sent."  Fed. R. Civ. P. 12(a)(1)(A)(ii).  Under the circumstances, defendant's deadline might be either January 19, 2021, *i.e.* twenty-one days from the date of service reflected in the Marshal's return, doc. 34 at 1, or February 22, 2021, *i.e.* sixty days from the date of the Court's Order[2] requesting clarification on whether defendant would waive service, *see* doc. 32 at 5.  The Court, however, has the authority "for good cause, [to] extend the time . . . with or without motion or notice if the court

---

[1]  Defendant has offered to file an executed Waiver of Service, as provided in Federal Rule of Civil Procedure 4.  *See* doc. 33; *see also* Fed. R. Civ. P. 4(d).  Given that there are now two alternative bases for satisfaction of the service requirement, the Court sees no need to add a third.

[2]  The Order was entered on December 23, 2020.  *See* doc. 32.  Sixty days from that date is Sunday, February 21, 2020.  By rule, therefore, the deadline automatically extends until the following Monday.  *See* Fed. R. Civ. P. 6(a)(1)(C).

acts . . . before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). The Court finds that definitively resolving the applicable deadlines is "good cause." Assuming, therefore, that defendant's deadline to respond is January 19, 2021, the Court *sua sponte* extends that deadline until February 22, 2021. **To be absolutely clear: defendant must serve its responsive pleading, as required by Federal Rule of Civil Procedure 12(a), no later than February 22, 2021.**

    **SO ORDERED**, this 8th day of January, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA