## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

KEITH LANIER,

       Plaintiff,

   v.

SIZEMORE, INC.,

       Defendant.

CIVIL ACTION NO.: 6:18-cv-003

## O R D E R

This action arises out of the racial and age-based discrimination Plaintiff Keith Lanier claims he suffered when his employment with Defendant Sizemore, Inc. was terminated.   (Doc. 1.)   In response to the Magistrate Judge's screening of his original Complaint, Lanier submitted several responses, which, collectively, the Magistrate Judge approved for service upon Defendant Sizemore.   (See doc. 21, p. 2.)   On August 11, 2021, Sizemore filed a Motion for Summary Judgment.   (Doc. 52.)   Lanier responded in opposition to that Motion, (doc. 55), and Sizemore replied, (doc. 57).   More than fourteen days have passed since Sizemore's reply, and Lanier has not filed a sur-reply or notified the Court of his intent to do so.   See S.D. Ga. L. R. 7.6.   For the following reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment.   (Doc. 52.)

## BACKGROUND

Given that Lanier's factual allegations are spread over several pleadings, and presented in a largely informal manner in those pleadings, the Court follows the Magistrate Judge's succinct presentation of the general facts:

> Plaintiff is a black man in his fifties.   Doc. 16 at 1.   He is a former marine and worked a security officer at the Meadows Regional Medical Center for nine years.   Doc. 1 at 9.   On August 20, 2016, one of the patients that he was assigned

to supervise escaped the facility.   Doc. 1 at 8.   The patient was apprehended by local law enforcement and returned to the facility shortly after the escape.   Id.; doc. 12 at 6.

Though initially told that he would be suspended for seven days, plaintiff was terminated on August 22[, 2016].   Doc. 1 at 9.   A few weeks later, another security officer allowed another patient to escape.   The officer was a white[ ] female in her thirties.   Doc. 12 at 6; doc. 16 at 1.   Despite the similar circumstances, she was not terminated following the escape.   Doc. 1 at 8; doc. 12 at 5.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC).   Doc. 1 at 5.   He received a right[-]to[-]sue notice on September 27, 2017.   Id.

(Doc. 21, pp. 2-3 (footnote omitted).)

The parties' summary judgment materials expand on that factual outline.   Sizemore explains that Lanier's "main job" was to guard "patients that were especially at risk for harming themselves or others."[1]   (Doc. 52-1, p. 1.)   The incident in question started when Lanier was assigned to monitor a particular "high-risk" patient.   (Id.)   The patient asked Lanier for a towel, and Lanier left the patient alone to retrieve one.   (Id.)   The patient escaped while Lanier was out of the room and Lanier was ultimately terminated as a result.   (Id.) Defendant's brief further explains that the other employee discussed in the pleadings—the "white female in her thirties," (doc. 21, p. 3)—was involved in an incident that differed substantially from the one that resulted in Lanier's termination: "[t]he allegedly younger white female officer did not leave her patient unattended; the patient became enraged, ripped IVs out of her arms, and stormed out."   (Doc. 52-1, p. 2; see also doc. 55, p. 1.)

---

[1]   The Court has adopted factual assertions from Sizemore's brief, notwithstanding that it is the moving party, because, as discussed more fully below, Lanier has not controverted those facts. (See generally doc. 55.)   See also Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the Court may . . . consider the fact undisputed for purposes of the motion . . . .").

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   A fact is "material" if it "might affect the outcome of the suit under the governing law."   FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).   A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."   Id.

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.   See Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).   Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law."   Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).   When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial.   See id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)).   If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist.   Anderson, 477 U.S. at 257.

In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party.   Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cty., 630 F.3d 1346, 1353 (11th Cir. 2011) (citing Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 616 (11th Cir.

2007)).   However, "facts must be viewed in the light most favorable to the non-moving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. (citation and emphasis omitted).

Additionally, in its analysis, the Court will abide by the long-standing principle that pleadings drafted by unrepresented parties are held to a less stringent standard than those drafted by attorneys, and therefore, must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972).   However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); see also Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990) ("Although we must view factual inferences favorably toward the nonmoving party and pro se complaints are entitled to a liberal interpretation by the courts, we hold that a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment.").

In particular, pro se parties are required to comply with the requirements for supporting factual positions in motions for summary judgment. See Mendenhall v. Blackmun, 456 F. App'x 849, 852 (11th Cir. 2012) (requiring pro se parties to comply with Rule 56(c)'s requirements).   In this case, Lanier's response simply states that he "objects" to Sizemore's summary judgment motion.   (See doc. 55 at 1.)   It briefly restates the facts, presented above, but includes no citation to any evidence or to any other document.   (Id.)   The total absence of any citation to the record or presentation of evidence violates the mandate of Rule 56(c).   See Fed. R. Civ. P. 56(c)

4

(establishing procedures for supporting a party's assertion "that a fact cannot be or is genuinely disputed").   In the absence of a properly supported dispute of Sizemore's factual assertions, the Court deems all facts, which have evidentiary support, admitted.[2]   See S.D. Ga. L. R. 56.1; see also Williams v. Slack, 438 F. App'x 848, 849-50 (11th Cir. 2011) (finding court did not err in deeming facts admitted where pro se plaintiff failed to respond with specific citations to evidence); Scoggins v. Arrow Trucking Co., 92 F. Supp. 2d 1372, 1373 n. 1 (S.D. Ga. 2000).   Despite the lack of any meaningful opposition to Sizemore's motion, the Court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."   United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004).

## DISCUSSION

### I.   Title VII

Claims of intentional discrimination arise out of Title VII's "disparate treatment" provision, which provides, in relevant part, that it is "unlawful" for an employer to "discharge . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."   42 U.S.C. § 2000e-2(a)(1).   To prevail on such a claim, a plaintiff must prove "the employer intended to discriminate" against him.   Armstrong v. Flowers Hosp., 33 F.3d 1308, 1313 (11th Cir. 1994). This can be done through either direct or circumstantial evidence.   See E.E.O.C. v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1286 (11th Cir. 2000).   "Direct evidence is

---

[2]   The Clerk's Notice expressly informed Lanier of the possible consequences of failing to adequately respond to Defendant's Statement of Material Facts.   (Doc. 54.)   See McBride v. Sharpe, 25 F.3d 962, 968 (11th Cir. 1994) ("[W]hen a pro se litigant is involved, we have interpreted Rule 56(c) to require that the district court specifically inform the litigant (1) of the need to file affidavits or other responsive materials, and (2) of the consequences of default.").

evidence that establishes the existence of discriminatory intent behind the employment decision without any inference or presumption."   Id. (citations omitted).   Said differently, "direct evidence of discrimination is powerful evidence capable of making out a prima facie case essentially by itself."   Jones v. Bessemer Carraway Med. Ctr., 151 F.3d 1321, 1323 n. 2 (11th Cir. 1998). Absent direct evidence, Plaintiff must show Defendant's discriminatory intent through "the familiar McDonnell Douglas [burden-shifting] paradigm for circumstantial evidence claims." Joe's Stone Crab, Inc., 220 F.3d at 1286; see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800 (1973).   Lanier does not contend that there is any direct evidence of discrimination.   (See doc. 55, pp. 1–2).

Under McDonnell Douglas, a plaintiff bears the initial burden of establishing a prima facie case of discrimination.   411 U.S. at 802.   Once the plaintiff makes this showing, a presumption of discrimination is created and the burden shifts to the defendant to articulate "some legitimate, nondiscriminatory reason" for its actions.   Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981) (citation omitted).   Finally, should the defendant satisfy this burden, "the plaintiff must then demonstrate that the defendant's proffered reason was merely a pretext for unlawful discrimination, an obligation that merges with the plaintiff's ultimate burden of persuading the factfinder that she has been the victim of intentional discrimination."   Lewis v. City of Union City, 918 F.3d 1213, 1221 (11th Cir. 2019) (en banc) (citation and internal quotation marks omitted).

Sizemore's brief argues that Lanier has only asserted a Title VII claim based on alleged race discrimination.   (See doc. 52-1, p. 5.)   The Magistrate Judge noted that Lanier alleged discrimination "based on his age, race, color, and gender . . . ."   (Doc. 21, p. 4.)   Sizemore points out, however, that Lanier's Charge of Discrimination to the EEOC included only race and age.

6

(See doc. 52-1, p. 5; see also doc. 53-5.)   As Sizemore argues with respect to a potential sex discrimination claim under Title VII, (doc. 52-1, p. 8 n. 2), Lanier's failure to exhaust administrative remedies precludes any claim other than those asserted in his EEOC charge.   See, e.g., Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) ("Before a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies.   The first step down this path is filing a timely charge of discrimination with the EEOC.") (citations omitted).   Sizemore is, therefore, entitled to summary judgment on any claims based on discrimination not asserted in the EEOC charge.   See Hillemann v. Univ. of Cent. Fla., 167 F. App'x 747, 749 (11th Cir. 2006) (affirming district court's determination that claims omitted from EEOC charge were procedurally barred and granting summary judgment).   Because the only basis for discrimination cognizable under Title VII asserted in the charge is race,[3] the Court has limited its discussion below to Lanier's claim of race discrimination.   Lanier's age discrimination claims are addressed in the discussion of the Age Discrimination in Employment Act, below.

Under the McDonnell Douglas framework, Sizemore argues that Lanier has failed to establish a prima facie case of discrimination.   (Doc. 52-1, pp. 8–9.)   As an element of his prima facie case, a Title VII plaintiff must show "among other things, that [he was] treated differently from another similarly situated individual—in court-speak, a comparator." Lewis v. City of Union City, 918 F.3d 1213, 1217 (11th Cir. 2019) (en banc) (citation and internal quotations omitted).   In Lewis, the Eleventh Circuit Court of Appeals clarified the proper standard for

---

[3]   Lanier's EEOC charge also asserts age-based discrimination.   Title VII does not prohibit discrimination based on age, however.   See, e.g., Greer v. Bd. of Tr. of Univ. of District of Columbia, 113 F. Supp. 3d 297, 305 (D.D.C. 2015) ("Title VII does not prohibit, or protect against, employment discrimination on the basis of age").

evaluating the sufficiency of a plaintiff's proffered comparator.   918 F.3d at 1218–29.   The Court rejected prior language requiring a plaintiff to show that his circumstances and those of another employee were "nearly identical."   Id.   Instead, "a plaintiff proceeding under McDonnell Douglas must show that [he] and [his] comparators were 'similarly situated in all material respects."   Id. at 1226.   The Court explained that the "materially similar" model gives plaintiffs the opportunity to establish "an inference of unlawful discrimination" while affording employers the "necessary breathing space to make appropriate business judgments."   Id. at 1228. Additionally, the "all-material-respects standard" promotes judicial economy "by allowing for summary judgment in . . . cases . . . where the comparators are simply too dissimilar to permit a valid inference that invidious discrimination is afoot."   Id. at 1229.

> Under the "all-material-respects" standard,
>
> a similarly situated comparator will have engaged in the same basic conduct (or misconduct) as the plaintiff; will have been subjected to the same employment policy, guideline, or rule as the plaintiff; will ordinarily . . . have been under the jurisdiction of the same supervisor as the plaintiff; and will share the plaintiff's employment or disciplinary history.   In short, as its label indicates—'all material respects'—a valid comparison will not turn on formal labels, but rather on substantive likeness[;] . . . a plaintiff and [his] comparators must be sufficiently similar, in an objective sense, that they cannot reasonably be distinguished.

Id. at 1227 (citations and internal quotations omitted).   Given the Lewis court's standard, Lanier has failed to identify a "similarly situated" comparator, and, thus, failed to establish his prima facie case of discrimination.

The parties agree that April Cox, "a white female in her thirties," is the only comparator plaintiff has identified.   (See doc. 55, p. 1; see also doc. 52-1, pp. 8–9.)   The Magistrate Judge approved service of Lanier's Title VII claims based on the allegation that both Lanier and Cox, then unidentified, had been disciplined for "similar patient escape[s]."   (Doc. 21, p. 6.) Sizemore's more detailed explanation of the facts, supported by unrebutted evidence, establishes

that the circumstances of the incidents were anything but "similar."  Plaintiff conceded in his deposition that the patient Cox allowed to escape had become belligerent and that Cox's decision not to physically intervene was consistent with established policy.  (See doc. 52-1, p. 9; see also doc. 53-1, pp. 84 (plaintiff's testimony that the patient that Cox was supervising "got upset and began to cuss[, and] . . . walked down the steps and ran outside"), 109 (plaintiff's testimony that he was instructed not to "tackle [a patient] to the ground"), and 111 (plaintiff's testimony that "they prefer us let [patients attempting escape] go," rather than physically intervene).)  During the incident where the patient he was guarding escaped, Lanier conceded that, despite the requirement that the patient be attended at all times, he left the patient unattended.  (Doc. 52-1, p. 4; see also doc. 53-1, pp. 39–40 (plaintiff's testimony that the patient in question had "to have someone there with him at all times," but Lanier went "in[to] another room to get a towel").)  As Plaintiff himself concedes, the escape incident in which he was involved violated policy, while the escape incident in which Cox was involved did not, meaning that Cox did not "engage[ ] in the same basic conduct (or misconduct) as the plaintiff."  Lewis, 918 F.3d at 1227 (citing Mitchell v. Toledo Hosp., 964 F.2d 577, 580, 583 (6th Cir. 1992)).

Even if the significant difference in the incidents did not preclude Lanier's reliance on Cox as a comparator, the difference between his disciplinary history and hers precludes such reliance. (See doc. 52-1, p. 9.)  Among the specific "similarities" identified in Lewis as typical of a valid comparator, the court identified that the comparator "will share the plaintiff's employment or disciplinary history."  Lewis, 918 F.2d at 1228 (citing Tennial v. United Parcel Serv., Inc., 840 F.3d 292, 304 (6th Cir. 2016)).  As Sizemore points out, Lanier "had received a [disciplinary] write up less than three months prior to his termination."  (Doc. 52-1, p. 11; see also doc. 53-7 ("Counseling Statement" dated May 26, 2016, discussing plaintiff's having fallen asleep while on

9

duty).)   Lanier has offered no evidence that Cox had any disciplinary history.

In sum, Lanier has failed to present any evidence Sizemore "treated [a] 'similarly situated' employee[ ] outside [his] class more favorably."   Lewis, 918 F.3d at 1221.   As such, he has failed to make out his prima facie case of discrimination under Title VII.

## II.   Age Discrimination in Employment Act ("ADEA")

Under the ADEA, it is "unlawful for an employer to . . . discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."   29 U.S.C. § 623(a)(1).   The ADEA prohibits employers from firing employees who are forty years or older because of their age.   Liebman v. Metro. Life Ins. Co., 808 F.3d 1294, 1298 (11th Cir. 2015) (citing 29 U.S.C. § 623(a)(1)).   The Supreme Court has held that the "because of" language in the ADEA statute means that a plaintiff must show that age discrimination was the 'but-for' cause of the adverse employment action.   See Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176 (2009) ("To establish a disparate-treatment claim under the plain language of the ADEA, therefore, a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision.").   A plaintiff may "establish a claim of illegal age discrimination through either direct evidence or circumstantial evidence."   Mora v. Jackson Mem'l Found., Inc., 597 F.3d 1201, 1204 (11th Cir. 2010) (citation and internal quotation omitted).   When no direct evidence of discrimination exists, a plaintiff must show circumstantial evidence of discrimination through the framework established in McDonnell Douglas. See Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000).

Like the burden under Title VII, a plaintiff's prima facie burden under the ADEA requires, among other elements, a showing that the plaintiff was "treated differently from another 'similarly situated' individual—in court speak, a 'comparator.'"   Lewis, 918 F.3d at 1217 (quoting Burdine,

450 U.S. at 258–59).   The standard for evaluating whether a proffered comparator is sufficiently similarly situated under the ADEA is, therefore, identical to the standard under Title VII. Sizemore argues that Lanier has "not provided any evidence to show that . . . the proffered comparator, April Cox, was outside of the protected class (here, the protected class being over the age of 40)."   (See doc. 52-1, pp. 10–11.)   Regardless of whether she could serve as a comparator for Lanier's ADEA claim, however, Sizemore reiterates that the other material differences between Cox and Lanier show that she was not a "similarly situated individual."   (See id.)   As discussed above, Cox is not similarly situated to Lanier either in the conduct at issue, *i.e.* the respective escape incidents each was involved in, or in their respective disciplinary histories.   Given that Cox is the only proffered comparator, Lanier has failed to prove that he was treated differently from another similarly situated individual.   He has not, therefore, established a prima facie case of discrimination ADEA.

Because Cox is not "similarly situated" to Lanier with respect to the discrimination claims at issue, the record contains no evidence that Lanier was "treated differently" from such an individual.   Accordingly, he has failed to establish a prima facie case of discrimination under either Title VII or the ADEA, and Sizemore is entitled to summary judgment as to Lanier's claims against it under both statutes.   As Lanier failed to allege any other basis of discrimination in his initial charge to the EEOC, Sizemore is also entitled to summary judgment as to any other basis, including color or gender, under Title VII.   (See doc. 21 at 4 (Report and Recommendation construing Lanier's allegations as asserting discrimination "based on his age, race, color, and gender . . . .").)   Lanier has not asserted any other causes of action in this case.   As Lanier has failed to establish his prima facie case, the Court does not consider Sizemore's argument that it has proffered a legitimate non-discriminatory reason for his termination, or whether Lanier has

demonstrated that its proffered reason is pretext under the subsequent stages of the <u>McDonnell Douglas</u> framework.   (<u>See</u> doc. 52-1, pp. 12–14.)

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant Sizemore, Inc.'s Motion for Summary Judgment.   (Doc. 52.)   The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant and to **CLOSE** this case.

**SO ORDERED**, this 27th day of September, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA