IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| KEITH LANIER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:18-cv-3 |
| v. | |
| SIZEMORE, INC., | |
| Defendant. | |

**O R D E R**

Presently before the Court is Plaintiff Keith Lanier's Motion for Reconsideration. (Doc. 60.) By this Motion, Plaintiff, who is proceeding *pro se*, requests the Court reverse its grant of summary judgment to Defendant Sizemore, Inc., on all claims asserted by Plaintiff, (doc. 58.) For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Reconsideration. (Doc. 60.)

## BACKGROUND

Plaintiff, an African American male in his fifties, filed this action against Defendant Sizemore, Inc., his former employer, based on the racial and age-based discrimination he claimed to have suffered when Defendant terminated his employment. (Docs. 1, 21.) At the time of his termination, Plaintiff had been assigned by Defendant to work as a security officer at a medical center, where his primary duty was to guard patients who were considered especially at risk for harming themselves or others. (See doc. 52-1.) Plaintiff was terminated after a high-risk patient escaped when Plaintiff, in violation of policy, left the patient alone for some period

of time.  (Id.; see also doc. 58, p. 2.)  Defendant filed a Motion for Summary Judgment as to Plaintiff's claims, which he asserted pursuant to Title VII[1] and the Age Discrimination in Employment Act ("ADEA").  (Doc. 52.)  After reviewing the evidence presented to it, the Court determined that the sole potential comparator proffered by Plaintiff (a white female in her thirties) did not qualify as a "similarly situated individual" because (1) there were material differences between the escape incident that Plaintiff was involved in and the escape incident that the proffered comparator was involved in (namely, that in the latter situation the proffered comparator had not left her patient unattended), and (2) Plaintiff and the proffered comparator had materially different disciplinary histories.  (Doc. 58, pp. 7–11.)  Accordingly, the Court explained, Plaintiff failed to establish a prima facie case of discrimination under either Title VII or the ADEA, and Defendant was thus entitled to summary judgment on both claims.  (Id. at pp. 11–12.)  After granting the Motion for Summary Judgment, the Court closed the case.  (Doc. 59.)  Roughly two weeks later, Plaintiff filed the at-issue Motion for Reconsideration.  (Doc. 60.)

The Eleventh Circuit Court of Appeals has stated that a motion for reconsideration falls within the purview of either Federal Rule of Civil Procedure 59(e) or 60(b).  Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n. 5 (11th Cir. 1993).  Under Rule 59(e), "the only grounds for granting a [plaintiff's] motion are newly-discovered evidence or manifest error of law or fact."  Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010).  Rule 60(b), on the other hand, enumerates a limited set of circumstances in which a party may seek relief from a final judgment, order, or proceeding: "(1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or, (5) the judgment has been satisfied[.]"  Fed. R. Civ. P. 60(b)(1)–(5).  The rule also contains a "catchall" provision which

---

[1] After reviewing Plaintiff's EEOC charge, the Court determined that Plaintiff could proceed under Title VII only on the grounds of race discrimination.  (Doc. 58, pp. 6–7.)

2

authorizes relief based on "any other reason that justifies [it]." Fed. R. Civ. P. 60(b)(6). However, relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and a party seeking relief must show that absent such relief, extreme and unexpected hardship will result. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted). Finally, regardless of which rule applies, motions for reconsideration cannot be used to relitigate issues which have already been found lacking. Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009).

While Plaintiff has not indicated which rule or rules he believes support his motion, the distinction is immaterial in this case. Plaintiff has not shown—and does not argue—that new evidence, mistake or neglect, manifest error, or exceptional circumstances entitle him to relief. Moreover, Plaintiff does not claim he will suffer "extreme hardship" should his request be denied. See, e.g., Griffin, 722 F.2d at 680. In his Motion for Reconsideration, Plaintiff merely reiterates many of the facts already acknowledged by the Court in its Order and calls the Court's attention to various areas of testimony he claims he provided during his deposition. (Doc. 60, pp. 1–2.) He attempts to justify his decision to leave the patient unattended (though, notably, he does not dispute that it was a violation of policy for him to do so) and he also argues that, contrary to the Court's determination, he and his proffered comparator were sufficiently "similarly situated," though he offers no basis for this argument other than the general fact that both of them were assigned to patients who escaped. None of these descriptions or arguments provides a legitimate reason for the Court to undertake the drastic measure of reconsidering or changing the determinations it reached in its Order.

Absent a legal basis or evidence to support revisiting previously-decided issues, the Court discerns no reason to alter its prior decision. Accordingly, the Court **DENIES** Plaintiff's Motion

for Reconsideration, (doc. 60).  The Court's previous Order granting Defendant's Motion for Summary Judgment, (doc. 58), remains the Order of the Court, and this case **REMAINS CLOSED**, (see doc. 59).

**SO ORDERED**, this 14th day of July, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA